ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**FILED**

SEP 1 3 2012

U.S. COURT OF
FEDERAL CLAIMS

JAMES HEDMAN CLARK,

    Plaintiff,

    v.

THE UNITED STATES,

    Defendant.

No. 11-10 C

Judge Victor J. Wolski

---

## DEFENDANT'S CONSOLIDATED MOTION
## TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

---

STUART F. DELERY
Acting Assistant Attorney General

JOHN J. FARGO
Director

SCOTT BOLDEN
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC  20530
Telephone:     (202) 307-0262

September 13, 2012



RECEIVED
DOJ COURIER

SEP 1 3 2012

OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ iii

STATEMENT OF THE CASE.................................................................................... 1

   I.   FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT ............................... 1

   II.   PRIOR LITIGATION .......................................................................... 3

   III.  PROCEDURAL HISTORY ..................................................................... 4

ARGUMENT ........................................................................................................ 9

   I.   CLARK'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE IT DOES NOT CONTAIN "A SHORT AND PLAIN STATEMENT" OF THE CLAIM ................................ 10

   II.   LACK OF JURISDICTION ..................................................................... 12

      A.   Clark's Illegal Exaction Claims Must Be Dismissed............................. 13

      B.   Clark's Patent Infringement Claims Must Be Dismissed Because He Does Not Own a Patent .................................................................................. 14

      C.   Clark's Secrecy Order Claims Must Be Dismissed Because His Patent Application was not Subject to a Secrecy Order ................................... 15

      D.   The Court Lacks Jurisdiction over Clark's Unfair Practices in Importation Claim ..... 17

      E.   The Court Lacks Jurisdiction to Hear Clark's Allegations of Constitutional Deprivations........................................................................... 17

      F.   Clark Fails to Allege the Elements of an Implied-in-Fact Contact............. 18

      G.   Clark's Tort Claims Must be Dismissed For Lack of Jurisdiction ............. 19

III. FAILURE TO STATE A CLAIM ............................................................................. 20

   A.  Copyright Law Does Not Grant Exclusive Rights to Use Business Ideas or Other Concepts............................................................................................................ 20

   B.  Clark's Takings Claims Must be Dismissed ................................................... 24

CONCLUSION............................................................................................................ 25

## Appendix

Clark v. Crues,
  No. 4:05CV1344 JCH, 2007 WL 906702 (E.D. Mo. March 23, 2007)................................ A1-8

Clark v. Crues,
  No. 2007-1377, 2008 WL 145255 (Fed. Cir. Jan. 8, 2008) ................................. A9-12

United States Patent and Trademark Office,
  Notice of Abandonment, App. No. 11/153,118 ................................................. A13-14

# TABLE OF AUTHORITIES

**Cases**

Aerolineas Argentinas v. United States,
  77 F.3d 1564 (Fed. Cir. 1996) ................................................................... 13

Am. Pelagic Fishing Co. v. United States,
  379 F.3d 1363 (Fed. Cir. 2004) ................................................................. 24

Ambase Corp. v. United States,
  61 Fed. Cl. 794 (2004) ............................................................................... 18

Amgen, Inc. v. Genetics Inst., Inc.,
  98 F.3d 1328 (Fed. Cir. 1996) ............................................................... 4, 14

Ammex, Inc. v. United States,
  334 F.3d 1052 (Fed. Cir. 2003) ................................................................. 23

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ................................................................................... 20

Baker v. Selden,
  101 U.S. 99 (1879) ..................................................................................... 21

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) ................................................................................... 20

Biltmore Forest Broadcasting FM, Inc. v. United States,
  555 F.3d 1375 (Fed. Cir. 2009) ................................................................. 18

Boyle v. United States,
  200 F.3d 1369 (Fed. Cir. 2000) ............................................................ 20, 21

Brown v. United States,
  105 F.3d 621 (Fed. Cir. 1997) ................................................................... 18

Cambridge v. United States,
  558 F.3d 1331 (Fed. Cir. 2009) ................................................................. 20

Chinsammy v. United States,
  95 Fed. Cl. 21 (2010) ................................................................................. 15

Cintron-Luna v. Roman-Bultron,
  668 F. Supp. 2d 315 (D. Puerto Rico 2009) .............................................. 11

Ciralsky v. C.I.A.,
   355 F.3d 661 (D.C. Cir. 2004) ................................................................................ 10

Clark v. Crues,
   No. 2007-1377, 2008 WL 145255 (Fed. Cir. Jan. 8, 2008) ...................................... 4

Clark v. Crues,
   No. 4:05CV1344 JCH, 2007 WL 906702 (E.D. Mo. March 23, 2007) ....................... 3

Constant v. United States,
   16 Cl. Ct. 629 (1989) ............................................................................................... 16

Cyprus Amax Coal Co. v. United States,
   205 F.3d 1369 (Fed. Cir. 2000) .............................................................................. 13

Dyck v. Albertelli Law,
   98 Fed. Cl. 624 (2011) ............................................................................................ 11

Federated Dep't Stores, Inc. v. Moitie,
   452 U.S. 394 (1981) ................................................................................................ 23

Feist Publications, Inc. v. Rural Tel. Serv. Co.,
   499 U.S. 340 (1991) ................................................................................................ 21

Fisher v. United States,
   402 F.3d 1167 (Fed. Cir. 2005) .............................................................................. 13

Hassan v. United States,
   41 Fed. Cl. 149 (1998) ............................................................................................ 18

Henke v. United States,
   60 F.3d 795 (Fed. Cir. 1995) .................................................................................. 10

Hornback v. United States,
   40 Fed. Cl. 524 (1998) ............................................................................................ 16

Hughes v. Rowe,
   449 U.S. 5 (1980) .................................................................................................... 10

In re Metropolitan Securities Litigation,
   532 F. Supp. 2d 1260 (E.D. Wash. 2007) .............................................................. 11

In re Splash Tech. Holdings Securities Litigation,
   160 F. Supp. 2d 1059 (N.D. Cal. 2001) ................................................................. 11

Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.,
    525 F.3d 1299 (Fed. Cir. 2008)................................................................................. 24

Liberty Ammunition, Inc. v. United States,
    101 Fed. Cl. 581 (2011) ......................................................................................... 19

Martin v. United States,
    99 Fed. Cl. 627 (2011) ........................................................................................... 14

Mazer v. Stein,
    347 U.S. 201 (1954) ........................................................................................... 4, 21

McHenry v. Renne,
    84 F.3d 1172 (9th Cir. 1996) ................................................................................. 11

McNutt v. General Motors Acceptance Corp. of Indiana,
    298 U.S. 178 (1936)............................................................................................... 12

Meade v. United States,
    27 Fed. Cl. 367 (1992) ............................................................................... 21, 22, 23

Norman v. United States,
    429 F.3d 1081 (Fed. Cir. 2005)......................................................................... 13, 14

Ridge Runner Forestry v. Sec'y of Agric.,
    287 F.3d 1058 (Fed. Cir. 2002).............................................................................. 18

Riles v. United States,
    93 Fed. Cl. 163 (2010) ........................................................................................... 12

Shipkovitz v. United States,
    1 Cl. Ct. 400 (1983) ............................................................................................... 22

Simmons v. Abruzzo,
    49 F.3d 83 (2d Cir. 1995)....................................................................................... 10

Souders v. S.C. Pub. Serv. Auth.,
    497 F.3d 1303 (Fed. Cir. 2007)............................................................................... 13

Spencer v. United States,
    98 Fed. Cl. 349 (2011) ........................................................................................... 15

Stephens v. United States,
    No. 10-571C, 2011 WL 222118 (Fed. Cl. Jan 21, 2011)......................................... 11

- v -

Sterner v. United States,
    198 Ct. Cl. 979 (1972) ........................................................................................................... 19

Tasby v. United States,
    91 Fed. Cl. 344 (2010) ........................................................................................................... 18

Tp. of Saddle Brook v. United States,
    104 Fed. Cl. 101 (2012) ......................................................................................................... 18

United States v. Mitchell,
    463 U.S. 206 (1983) ............................................................................................................... 12

United States v. Navajo Nation,
    556 U.S. 287 (2009) ............................................................................................................... 12

United States v. Sherwood,
    312 U.S. 584 (1941) ............................................................................................................... 15

United States v. Testan,
    424 U.S. 392 (1976) ............................................................................................................... 12

Vlahakis v. United States,
    215 Ct. Cl. 1018 (1978) ......................................................................................................... 18

Walton v. United States,
    551 F.3d 1367 (Fed. Cir. 2009) .............................................................................................. 21

Woodson v. United States,
    89 Fed. Cl. 640 (2009) ........................................................................................................... 13

Zoltek Corp. v. United States,
    58 Fed. Cl. 688 (2003) ........................................................................................................... 17

**Statutes**

15 U.S.C. § 1121 ....................................................................................................................... 20

17 U.S.C. § 102 ......................................................................................................................... 21

17 U.S.C. § 106 ......................................................................................................................... 21

19 U.S.C. § 1337 ............................................................................................................... 7, 9, 17

28 U.S.C. § 1346 ....................................................................................................................... 20

28 U.S.C. § 1491 ............................................................................................................ *passim*

28 U.S.C. § 1498 ............................................................................................................ *passim*

35 U.S.C. § 181 .................................................................................................................. 15

35 U.S.C. § 183 ............................................................................................................ 16, 17

35 U.S.C. § 271 ............................................................................................................. 4, 14

**Other Authorities**

Constitution, Article I ................................................................................................. 7, 9, 17

Constitution, Amendment V ............................................................................................. 24

Federal Rule of Civil Procedure 41 ................................................................................. 10

Rule 8 of the Rules of the United States Court of Federal Claims .................................... 9, 10, 11

Rule 12 of the Rules of the United States Court of Federal Claims ...................................... *passim*

Rule 41 of the Rules of the United States Court of Federal Claims ..................................... 1, 9, 10

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JAMES HEDMAN CLARK, | |
| Plaintiff, | No. 11-10 C |
| v. | Judge Victor J. Wolski |
| THE UNITED STATES, | |
| Defendant. | |

## DEFENDANT'S CONSOLIDATED MOTION
## TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC"), RCFC 12(b)(1), and RCFC 12(b)(6), Defendant, the United States ("the government"), moves to dismiss Plaintiff's Amended Complaint.

## STATEMENT OF THE CASE

### I.   FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT

On January 5, 2011, James Hedman Clark ("Clark"), appearing *pro se*, filed his Complaint in this Court against the government.  On June 12, 2012, Clark's Amended Complaint was filed by leave of the Court.

Clark's Amended Complaint contains numerous and varied allegations.  A significant portion of the allegations focus on Clark's copyrighted student behavior modification program. Clark titled his program the Out of Area ("OOA") program.  See Am. Complaint ¶¶ 189-196, 238. The OOA program consists of four documents:  a student quiz, a referral form, a parental information notice letter, and a hall pass.  See Am. Complaint ¶ 238.  On April 22, 2005, Clark obtained a federal copyright registration for the OOA program.  See Am. Complaint ¶¶ 315, 421,

1070.  A copy of this registration, Copyright Registration No. TX 6-164-501, appears as Ex/Letter 5 in "Claim of Copyright(s) and Assignment Ownership" (Docket No. 8), filed concurrently with the Original Complaint.  A copy of the registered work itself appears in "Filing Made Under Seal" (Docket No. 6), filed concurrently with the Original Complaint.

Clark alleges, *inter alia*, that the government has infringed his copyright in the OOA program.  In particular, Clark alleges that the Department of Education's "Response to Intervention" (RTI) process and/or program infringes the OOA work.  See Am. Complaint ¶¶ 846, 849, 934 ("process" & "program"), 1168.  RTI is a process/program is used by schools "to identify and address the behavioral academic needs" of students in schools.  Am. Complaint ¶ 846.  The Department of Education is alleged to have awarded a contract to RTI International to implement this process/program.  See Am. Complaint ¶ 855.  Clark's Amended Complaint does not allege that any part of the RTI program is substantially similar to protected expressive content of the OOA program.  Clark's Amended Complaint identifies no particular document as infringing, despite including several alleged RTI documents.  See Docket No. 11 (Exhibits 192 ("Impacts of a Violence Prevention Program for Middle Schools"), 193 ("Chapter 1. Overview of the Study"), 194 ("Chapter 2. Study Design, Sample Selection, Measures, and Analytic Approach"), 211 ("Chapter 3. Implementation of the Violence Prevention Program"), 265 ("Response to Intervention"), and 266 ("Key Issues for Decision-makers")).

Clark's OOA program was also the subject of United States Patent Application No. 11/153,118 that he filed with the United States Patent and Trademark Office ("USPTO").  See Am. Complaint ¶ 1896.  This application appears as Exhibit 253 in "Exhibits/Instrument Part I" (Docket No. 11), filed concurrently with the Complaint (Pub. No. US 2006/0286521 A1, Appl. No. 11/153,118).  The flow charts contained in this application describe the OOA program.  No

patent ever issued from this application.  Am. Complaint ¶¶ 915, 1174, 1176.  On October 25, 2010, the USPTO sent a Notice of Abandonment to Clark because he failed to "timely file a proper reply" to an USPTO Office Action.  See A13-14 (USPTO Notice of Abandonment).

Clark alleges that the government infringed his abandoned patent application, but he concedes that there cannot be an infringement of a patent until it issues.  See Am. Complaint ¶ 584.  Furthermore, he effectively admits that no patent issued.  Am. Complaint ¶¶ 915, 1174, 1176.

Clark's Amended Complaint raises a number of other causes of action.  Clark's Amended Complaint, however, seems to indicate that these additional references ultimately refer to alleged copyright and/or patent infringement.  See, e.g., Am. Complaint ¶¶ 5, 8.  Clark's numerous causes of action have been identified in the Table beginning on page 5 of this Motion.  Clark also occaisionally asserts that the causes of action in the Amended Complaint are being brought by his corporation, Alternative Discipline and Behavioral Concepts ("ADBC").  See, e.g., Am. Complaint ¶¶ 54(e-g), 1304-13, 1784.  The Court, however, previously held that "ADBC must itself obtain counsel to represent it in this matter before it may participate in Mr. Clark's lawsuit." March 22, 2012 Order at 3.

## II.    PRIOR LITIGATION

Between 2005 and 2007, Clark unsuccessfully litigated a very similar case in the United States District Court for the Eastern District of Missouri.  See Clark v. Crues, No. 4:05CV1344 JCH, 2007 WL 906702 (E.D. Mo. March 23, 2007) (attached to this Motion as A1-8).  In the district court case, Clark alleged eighteen different causes of action against the following defendants:  Floyd Crues; Stephen Warmack; Shane Hopper; Kenneth Brostron; Sylvia Shead; Mel Gunter; the City of St. Louis, Board of Education; and the St. Louis Public School District.  See A3-4.  Clark alleged, inter alia, that the defendants had infringed the same patent application

-3-

at issue in the present case.  See A1, 3-4.  In addition, Clark alleged that the defendants had

infringed the same copyrighted work at issue in the present case.  See id.; see also A2 n.1.

On March 23, 2007, the district court granted the defendants' motion for summary

judgment by dismissing Clark's complaint.  See A1-8.  In particular, Clark's copyright and

patent infringement causes of action were dismissed with prejudice.  See A3, A8.  The court

dismissed Clark's patent infringement causes of action because Clark did not own an issued

patent.  See A5 (concluding that a patent application alone was not enough to support Clark's

causes of action).  With respect to Clark's copyright infringement allegations, the court found

"that at no time does [p]laintiff allege any more than that [d]efendants utilized his

[uncopyrightable] ideas and procedures."  A7.  As a result, the court dismissed the cause of

action because "such acts do not constitute copyright infringement."  Id.

Clark appealed the dismissal to the United States Court of Appeals for the Federal

Circuit.  See Clark v. Crues, No. 2007-1377, 2008 WL 145255 (Fed. Cir. Jan. 8, 2008) (attached

to this Motion as A9-12).  In a per curiam decision, the Federal Circuit affirmed "the judgment

of the district court in all respects."  A11.  First, the appellate court held that Clark's copyright

infringement allegations were properly dismissed because "general concepts and ideas are

beyond the purview of copyright law.  See id. (citing Mazer v. Stein, 347 U.S. 201, 217 (1954)).

Second, the appellate court held that Clark's patent infringement allegations were correctly

dismissed because a patent infringement suit can only be brought upon an issued patent.  See

A11 (citing 35 U.S.C. § 271(a); Amgen, Inc. v. Genetics Inst., Inc., 98 F.3d 1328, 1332 (Fed.

Cir. 1996)).

## III.   PROCEDURAL HISTORY

On January 5, 2011, Clark initiated suit in this Court by filing his Complaint.  Clark's

original Complaint alleged, inter alia, causes of action against the government based upon the

government's waiver of sovereign immunity in the Tucker Act and for copyright infringements. See 28 U.S.C. §§ 1491(a); 1498(b). Clark's Complaint included 52 numbered paragraphs in 12 pages. On March 4, 2011, the government filed a motion to dismiss Clark's Complaint for lack of jurisdiction and for failure to state a claim. Clark subsequently moved for leave to amend his Complaint. On March 8, 2012, the Court granted Clark's request for leave to amend his Complaint. See March 8, 2012 Order. As a result, the Court held that the government's motion to dismiss was "moot, although the government is free to raise again the arguments contained in that motion in its response to the amended complaint, if they remain applicable." Id.

On June 12, 2012, Clark's Amended Complaint was filed by leave of the Court. Clark's Amended Complaint includes approximately 2255 numbered paragraphs in approximately 628 pages. The Amended Complaint includes 28 causes of action, with some causes of action separated into multiple counts. Given the length and nature of the Amended Complaint, the government has endeavored to summarize the pertinent information regarding the causes of action in the Table below:

| Cause / Count | Description | Compl. Page | Alleged Against the Government "Acting Through": | Apparent Basis |
|---|---|---|---|---|
| 1 / I | Illegal - Wrongful Exaction | 231 | State and local government agencies and employees | Illegal Exaction |
| 1 / II | Illegal - Wrongful Exaction | 234 | State and local government agencies | Illegal Exaction |
| 1 / III | Illegal - Wrongful Exaction | 248 | Private law firms | Illegal Exaction |
| 1 / IV | Illegal - Wrongful Exaction | 252 | State government agency | Illegal Exaction |
| 1 / V | Illegal - Wrongful Exaction | 254 | Federal agencies | Illegal Exaction |
| 2 | Compensation for damages caused by invention secrecy statute . . . | 257 | Federal agencies; State and local government agencies; Contractors; Private telecommunications companies | Secrecy Order |

| 3 / I | Misappropriation of an Invention | 353 | State and local government agencies and employees | Tort |
|---|---|---|---|---|
| 3 / II | Misappropriation of an Invention | 356 | Private law firms | Tort |
| 3 / III | Misappropriation of an Invention | 366 | Federal agencies | Tort |
| 3 / IV | Misappropriation of an Invention | 369 | Federal agencies and contractors | Tort |
| 3 / V | Misappropriation of an Invention | 371 | Private telecommunications companies | Tort |
| 3 / VI | Misappropriation of an Invention | 374 | Local government agency | Tort |
| 4 / I | Misappropriation of Trade Secret(s) | 387 | State and local government agencies and employees; Private law firms | Tort |
| 4 / II | Misappropriation of Trade Secret(s) | 392 | Federal agencies; Private telecommunication companies | Tort |
| 5 | Copyright Infringement of Trade Secret(s) in a Computer Program | 410 | Federal agencies; Private telecommunication companies; Local government agency | Copyright Infringement |
| 6 | Copyright Infringement of Plaintiff's Exclusive Right to Distribute Copies . . . | 418 | Federal agencies; Private telecommunication companies; State and local government agencies | Copyright Infringement |
| 7 | Copyright Infringement of Plaintiff's Exclusive Right to Perform . . . | 423 | State and local government agencies and employees | Copyright Infringement |
| 8 | Copyright Infringement of Plaintiff's Exclusive Right to Display . . . | 427 | Federal agencies; Private law firms; Local government agencies | Copyright Infringement |
| 9 | Misappropriation(s) of an Industrial Design Right | 430(2) | State and local government agencies and employees; Private law firms | Tort |
| 10 | Copyright Infringement of Plaintiff's Industrial Design Trade Secrets | 439 | Local government agencies and employees | Copyright Infringement |
| 11 | Importation and/or Exportation Infringement of Plaintiff's OOA Copyright Protected | 444 | Federal agencies; State government | Copyright Infringement |

| | Work | | | |
|---|---|---|---|---|
| 12 | Pre-Release Copyright Infringement of Plaintiff's OOA Literary Work Prior to Authorized Commercial Distribution | 449 | Federal agencies; Local government agencies | Copyright Infringement |
| 13 | Infringement of Exclusive Right to Prepare Derivative Works . . . | 456 | Federal agencies; Private telecommunication companies | Copyright Infringement |
| 14 | Infringement of Rights of Attribution and Integrity as Author of a "Work of Visual Art" | 464 | Federal agencies; State and local government agencies; Private law firms | Copyright Infringement |
| 15 / I | Improper Acquisition of Trade Secrets . . . | 476 | State and local government agencies and employees | Tort |
| 15 / II | Improper Acquisition of Trade Secrets . . . | 480 | Federal agencies | Tort |
| 15 / III | Improper Acquisition of Trade Secrets . . . | 482 | Federal agencies | Tort |
| 16 | Unfair Practices of Exploitation Trade | 484 | Federal agencies and employees | 19 U.S.C. § 1337 |
| 17 | Constitutional Deprivations Under the Intellectual Property Clause | 494 | Federal agencies; State and local government agencies; Private telecommunication companies; Private law firms | Constitution Article I |
| 18 | Infringement of IP Rights | 502 | Federal agencies; State and local government agencies; Private telecommunication companies; Private law firms | Tort |
| 19 / I | Patent Infringement | 528 | State and local government agencies and employees | Unauthorized use of a patent |
| 19 / II | Patent Infringement | 531 | Federal agencies; Private law firms | Unauthorized use of a patent |
| 19 / III | Patent Infringement | 534 | Federal agencies | Unauthorized use of a patent |
| 20 / I | Infringement of Copyrighted OOA Invention During 102(b) Grace Period . . . . | 542 | State and local government agencies and employees; Private law firms | Copyright Infringement |
| 20 / II | Infringement of Copyrighted OOA | 546 | Federal agencies | Copyright Infringement |

| | | | | |
|---|---|---|---|---|
| | Invention During 102(b) Grace Period . . . | | | |
| 20 / III | Infringement of Copyrighted OOA Invention During 102(b) Grace Period . . . | 550 | Federal agencies | Copyright Infringement |
| 21 / I | Inverse Condemnation | 564 | State and local government agencies and employees | Fifth Amendment Taking |
| 21 / II | Inverse Condemnation | 576 | Federal agencies | Fifth Amendment Taking |
| 22 / I | Compensation of Plaintiff's OOA Invention under 35 U.S.C. 183 | 588 | State and local government agencies and employees | Secrecy Order |
| 22 / II | Compensation of Plaintiff's OOA Invention under 35 U.S.C. 183 | 594 | Federal agencies | Secrecy Order |
| 22 / III | Compensation of Plaintiff's OOA Invention under 35 U.S.C. 183 | 599 | Federal agencies | Secrecy Order |
| 23 | Takings Claim | 603 | Federal agencies; State and local government agencies | Fifth Amendment Taking |
| 24 | Wrongful Exaction | 611 | Federal agencies; State and local government agencies | Illegal Exaction |
| 25 | Unfair Practices and Methods of Competition in Import Trade | 616 | Federal agencies | Tort |
| 26 | Misappropriation(s) and Infringement(s) of Plaintiff's Proprietary Data Information | 619 | State and local government agencies | Tort |
| 27 | Implied-in-Fact Contract to Fairly and Honestly Consider Proposals | 623 | Local government agencies and employees; Private law firms | Implied Contract |
| 28 | Implied Contract for Bids to be Fairly and Honestly Considered | 626 | Local government agencies and employees; Private law firms | Implied Contract |

As indicated in the last column of the Table, Clark's allegations can be broadly grouped into nine different categories:

1. Illegal exaction claims – Causes of Action 1 (Counts I-V), 24;

2. Secrecy order claims – Causes of Action 2, 22 (Counts I-III);

3. Tort claims – Causes of Action 3 (Counts I-VI), 4 (Counts I-II), 9, 15 (Counts I-III), 18, 25-26;

4. Copyright infringement claims – Causes of Action 5-8, 10-14, 20 (Counts I-III);

5. Unauthorized use of a patent claims – Cause of Action 19 (Counts I-III);

6. 19 U.S.C. § 1337 claims – Cause of Action 16;

7. Constitution Article I claims – Cause of Action 17;

8. Fifth Amendment takings claims – Causes of Action 21 (Counts I-II), 23; and

9. Implied contract claims – Causes of Action 27-28.

Some of the categories were present in Clark's original Complaint, but many of the categories are completely new to the Amended Complaint.


## ARGUMENT

The Court should dismiss Clark's Amended Complaint pursuant to RCFC 41(b), RCFC 12(b)(1), and RCFC 12(b)(6). First, the entire pleading should be dismissed under RCFC 41(b) because it fails to comply with the "short and plain statement" requirements of RCFC 8(a). Second, most of Clark's causes of action should be dismissed pursuant to RCFC 12(b)(1) because of jurisdictional defects. The causes of action that should be dismissed for lack of jurisdiction include Clark's:  illegal exaction claims; secrecy order claims; tort claims; unauthorized use of a patent claims; 19 U.S.C. § 1337 claims; Constitution Article I claims; and implied contract claims. Finally, Clark's remaining causes of action should be dismissed

pursuant to RCFC 12(b)(6) because Clark fails to state a claim upon which relief can be granted. The causes of action that should be dismissed for failure to state a claim include Clark's: copyright infringement claims and Fifth Amendment takings claims.

The government acknowledges that the allegations in a *pro se* plaintiff's pleading "are held to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citation omitted). *Pro se* status, however, "does not excuse [the pleading's] failures, if such there be." Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995).

## I.   CLARK'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE IT DOES NOT CONTAIN "A SHORT AND PLAIN STATEMENT" OF THE CLAIM

The Court should dismiss Clark's Amended Complaint because it fails to comply with the requirements of RCFC 8(a).  According to RCFC 8(a), "[a] pleading that states a claim for relief must contain":

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . .

RCFC 8(a); see also RCFC 8(d)(1) ("Each allegation must be simple, concise, and direct."). When a plaintiff's pleading fails to abide by the "short and plain statement" requirements of RCFC 8(a), the Court may dismiss the pleading.  See RCFC 41(b) (permitting dismissal if the plaintiff fails to comply with the Court's Rules); see generally Ciralsky v. C.I.A., 355 F.3d 661, 669 (D.C. Cir. 2004) (applying FRCP 41(b)).  Dismissal under Rule 8 "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Ciralsky, 355 F.3d at 670 n. 9 (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

The sheer size of Clark's Amended Complaint demonstrates that the pleading fails to comply with the first two subsections of RCFC 8(a). The Amended Complaint contains approximately 2255 numbered paragraphs in more than 628 pages. The first ~228 pages of the Amended Complaint recite factual allegations spanning more than a decade of time. Many of the allegations appear completely disconnected from the asserted causes of action. The remaining ~400 pages allege 28 different causes of action, with some causes of action separated into multiple counts. Substantially shorter pleadings have been dismissed pursuant to the parallel FRCP 8(a). See McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996) (affirming a dismissal of a 53-page third amended complaint that "incorporate[d] 122 paragraphs of confused factual allegations"); Cintron-Luna v. Roman-Bultron, 668 F. Supp. 2d 315, 317-18 (D. Puerto Rico 2009) (dismissing a 56-page amended complaint); In re Metropolitan Securities Litigation, 532 F. Supp. 2d 1260, 1277 (E.D. Wash. 2007) (dismissing a 317-page complaint). This Court has also previously cited RCFC 8(a) to help support dismissals of other lengthy pleadings. See Dyck v. Albertelli Law, 98 Fed. Cl. 624, 628-31 (2011) (dismissing a 134-page complaint); Stephens v. United States, No. 10-571C, 2011 WL 222118 at *1-5 (Fed. Cl. Jan 21, 2011) (dismissing a 115-page complaint).

In addition, Clark's allegations are often difficult to follow, conclusory, implausible, and repetitive. "A complaint whose length and disorganization require opposing counsel and the court to 'root around for actionable claims' does not satisfy Rule 8's pleading requirements." Metropolitan Securities Litigation, 532 F. Supp. 2d at 1277 (quoting In re Splash Tech. Holdings Securities Litigation, 160 F. Supp. 2d 1059, 1073 (N.D. Cal. 2001)).

For these reasons alone, dismissal of the Clark's Amended Complaint is warranted. Nevertheless, as described below, every cause of action should be dismissed by this Court for lack of jurisdiction and/or for failure to state a claim upon which relief can be granted.

## II.   LACK OF JURISDICTION

"While a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citations omitted). If jurisdiction is challenged, a plaintiff cannot rely solely on "mere averment," but must support the assertion of jurisdiction with "competent proof." McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936). Clark's Amended Complaint sets forth numerous causes of action, but most of his claims must be dismissed for lack of subject-matter jurisdiction.

As noted in the Statement of Facts, Clark's Amended Complaint comprises nine categories of twenty-eight causes of action. Clark primarily relies on Section 1491 ("the Tucker Act") and Section 1498 of Title 28 to provide a jurisdictional basis for his claims.

Jurisdiction under the Tucker Act is based upon: (1) express or implied contracts with the government; (2) illegal exactions of money by the government; and (3) money-mandating constitutional provisions, statutes, regulations, or executive orders. See 28 U.S.C. § 1491(a)(1); United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); United States v. Testan, 424 U.S. 392, 400 (1976); United States v. Mitchell, 463 U.S. 206, 212-18 (1983). The Tucker Act "is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." Testan, 424 U.S. at 398. To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of

substantive law relied upon "can fairly be interpreted as mandating compensation by the Federal Government." Navajo Nation, 556 U.S. at 290. A plaintiff's failure to identify a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act." Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005). This Court does not have jurisdiction over a plaintiff's claims against state agencies or private parties. See Souders v. S.C. Pub. Serv. Auth., 497 F.3d 1303, 1308 (Fed. Cir. 2007); Woodson v. United States, 89 Fed. Cl. 640, 649 (2009).

Section 1498(a) of Title 28 codifies the government's limited waiver of sovereign immunity for unauthorized use or manufacture of a patented invention. See 28 U.S.C. § 1498(a). Similarly, Section 1498(b) codifies the government's limited waiver of sovereign immunity for copyright infringement. See 28 U.S.C. § 1498(b). Each subsection establishes this Court's exclusive jurisdiction over the respective claims.

## A. Clark's Illegal Exaction Claims Must Be Dismissed

Clark asserts that the Court has jurisdiction to hear his illegal exaction claims in the five counts of his first cause of action and in his twenty-fourth cause of action. An illegal exaction claim arises when money is "improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." Norman v. United States, 429 F.3d 1081, 1095 (Fed. Cir. 2005) (citation omitted). The illegal exaction must be based upon "an asserted statutory power." Aerolineas Argentinas v. United States, 77 F.3d 1564, 1573 (Fed. Cir. 1996). The claimant must establish that "the statute or provision causing the exaction itself provides, either expressly or by 'necessary implication,' that 'the remedy for its violation entails a return of money unlawfully exacted.'" Norman, 429 F.3d at 1095 (quoting Cyprus Amax Coal Co. v. United States, 205 F.3d 1369, 1373 (Fed. Cir. 2000)).

Clark's illegal exaction claims lack jurisdiction for at least two reasons.  First, all of Clark's illegal exaction claims allege that private parties and state and local government agencies – rather than the federal government – were responsible for illegally exacting his money.  See Am. Complaint at 231-33 (local government agency and an employee); 234-247 (state and local government agencies); 248-51 (private law firms); 252-53 (state government); 254-56 ("Plaintiff paid $295.00 to a company called 'We the People' for copyright protection"); 611-15 (state and local government agencies).

Second, all of Clark's illegal exaction claims should be dismissed because he fails to identify a proper "statutory power."  Norman, 429 F.3d at 1095.  Clark identifies no statutory power in his first and twenty-fourth causes of action, with the exception of the "Library of Congress Inspector General Act of 2005" in count V of the first cause of action.  Am. Complaint ¶ 1071.  This Act does not provide a cause of action with a monetary remedy for its violation.  See 2 U.S.C. § 185; see also Norman, 429 F.3d at 1096.  Accordingly, the Court should dismiss Clark's first and twenty-fourth causes of action.

## B. Clark's Patent Infringement Claims Must Be Dismissed Because He Does Not Own a Patent

In Clark's prior litigation, the district court dismissed his patent infringement allegations because he did not allege ownership of an issued patent.  See A4-5.  The Federal Circuit affirmed this dismissal.  See A11 (citing 35 U.S.C. § 271(a); Amgen, 98 F.3d at 1332).

The same jurisdictional prerequisite is absent here.  Section 1498(a) establishes this Court's jurisdiction over claims of unauthorized use or manufacture of "an invention described in and **covered by a patent** of the United States."  28 U.S.C. § 1498(a) (emphasis added).  Section 1498(a) only permits an action against the government by the owner of an issued patent.  See id.  Indeed, in Martin v. United States, 99 Fed. Cl. 627, 631-33 (2011), this Court held that it

lacks "jurisdiction over a claim for alleged infringement of an unissued patent."[1]   In his

Amended Complaint, Clark never identifies a patent that was issued by the USPTO.   Thus,

Clark's allegations that the government[2] infringed his patent application fail to establish the

jurisdictional prerequisite that he is the owner of an issued patent.   See Am. Complaint ¶¶ 1895-

97 (identifying Patent Application No. 11/153,118).   Indeed, Clark's patent application has been

abandoned.   See A13-14; Am. Complaint ¶¶ 915, 1172, 1174, 1176.   As a result, the Court

should dismiss all three counts of Clark's nineteenth cause of action because he fails to establish

subject-matter jurisdiction.

### C. Clark's Secrecy Order Claims Must Be Dismissed Because His Patent Application was not Subject to a Secrecy Order

Pursuant to the secrecy order provisions in Title 35, a federal agency can direct the

Commissioner of Patents to issue an order to keep an invention secret for a period of one year,

subject to renewal.   See 35 U.S.C. § 181.   Section 183 provides causes of action to a claimant

affected by a secrecy order:

> An applicant . . . whose patent is withheld [pursuant to 35 U.S.C. § 181] shall have the right, **beginning at the date the applicant is notified that, except for such order, his application is otherwise in condition for allowance** . . . and ending six years **after a patent is issued thereon**, to apply to the head of any department or agency who caused the order to be issued for compensation for the damage caused by the order of secrecy and/or for the use of the invention by the Government, resulting from his disclosure. . . . The head of the department or agency is authorized, upon the presentation of a claim, to enter into an agreement with the applicant . . . . A claimant may bring suit against the United States in the United States Court of Federal Claims or in the District Court of the United States for the district in which such claimant is a resident for an amount which when added to the award shall constitute just compensation for the damage and/or use

---

[1] See also Chinsammy v. United States, 95 Fed. Cl. 21, 25 (2010) (holding same), aff'd, 417 Fed. Appx. 950 (nonprecedential).

[2] To the extent that Clark's claims are directed against federal officials and parties other than the government, the Court lacks jurisdiction.   See United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); see also Spencer v. United States, 98 Fed. Cl. 349, 356 (2011).

> of the invention by the Government.  The **owner of any patent issued** upon an application that was subject to a secrecy order issued pursuant to section 181 of this title, who did not apply for compensation as above provided, shall have the right, after the date of issuance of such patent, to bring suit in the United States Court of Federal Claims for just compensation for the damage caused by reason of the order of secrecy and/or use by the Government of the invention resulting from his disclosure . . . .

35 U.S.C. § 183 (emphasis added).  Thus, if an invention is subject to a secrecy order, Section 183 provides "two alternative litigation routes to secure compensation":  (1) an administrative route whereby the applicant for an application subject to a secrecy order must first petition the federal agency for compensation prior to filing suit; and (2) a litigation route whereby the owner of an issued patent that was previously subject to a secrecy order can file suit in this Court.  See Hornback v. United States, 40 Fed. Cl. 524, 526-27 (1998).

Clark's secrecy order causes of action are jurisdictionally defective because he fails to identify any secrecy order imposed on his application.  See, e.g., Complaint ¶ 1079 ("The Pat. App. . . . may, or may not have been subjected to a secrecy order.").  According to the plain language of Section 183, a secrecy order is a jurisdictional prerequisite under either alternative litigation route.  See 35 U.S.C. § 183 ("beginning at the date the applicant is notified that, except for such order, his application is otherwise in condition for allowance" . . . "[t]he owner of any patent issued upon an application that was subject to a secrecy order").  The government has no evidence that any secrecy order was issued for Clark's patent application.

Furthermore, Clark fails to identify additional jurisdictional elements under either alternative litigation route.  Under the "administrative" route, Clark must first exhaust any administrative remedies before filing suit in this Court.  See Constant v. United States, 16 Cl. Ct. 629, 635 (1989), aff'd, 884 F.2d 1398 (Fed. Cir. 1989), cert. denied, 493 U.S. 1002 (1989) ("Exhaustion is required herein because plaintiff may vindicate his rights at the administrative level, thus making court intervention unnecessary.").  Under the "litigation" route, Clark must

-16-

establish that he is the owner of an issued patent.  See 35 U.S.C. § 183 ("[t]he **owner of any**

**patent issued** upon an application that was subject to a secrecy order") (emphasis added).  Since

Clark has not alleged nor accomplished any of these elements, the Court must dismiss his

secrecy order claims – all counts of his second and twenty-second cause of action.

### D.  The Court Lacks Jurisdiction over Clark's Unfair Practices in Importation Claim

Clark's sixteenth cause of action purports to be brought pursuant to Section 1337(l) of

Title 19.  See Am. Complaint ¶¶ 1794, 1797.  Section 1337 allows "an owner of [a] patent,

copyright, mask work, or design" with respect to trade articles subject to a trade exclusion order

to seek reasonable and entire compensation before this Court pursuant to Section 1498.   19

U.S.C. § 1337(l).  This Court lacks jurisdiction over this claim because Clark has not alleged the

existence of an exclusion order.  See Zoltek Corp. v. United States, 58 Fed. Cl. 688, 694 (2003).

### E.  The Court Lacks Jurisdiction to Hear Clark's Allegations of Constitutional Deprivations

The Court does not have jurisdiction over Clark's seventeenth cause of action, where

Clark asserts that he is entitled to "[n]o less than $1.664 Billion U.S. dollars, and punitive

damages"[3] because the government "deprived Plaintiff of his constitutionally protected IP

rights."  Am. Complaint ¶ 1817.  Clark's claim is founded on Article I, Section 8, Clause 8 of the

Constitution, which empowers the United States Congress:

> To promote the Progress of Science and useful Arts, by securing for limited
> Times to Authors and Inventors the exclusive Right to their respective Writings
> and Discoveries.

Constitution Article I, Section 8; see also Am. Complaint ¶¶ 1811, 1816.  This clause, however,

does not create a right to money damages for its violation.  Therefore, the clause cannot be the

basis of subject matter jurisdiction in this Court.  See, e.g., Brown v. United States, 105 F.3d

---

[3] Am. Complaint at 501.

621, 623-24 (Fed. Cir. 1997); Tasby v. United States, 91 Fed. Cl. 344, 346 (2010).  Accordingly, the Court should dismiss Clark's seventeenth cause of action.

### F. Clark Fails to Allege the Elements of an Implied-in-Fact Contact

Clark's Amended Complaint fails to identify the requisite elements of any "implied contract with the United States" to support his last two causes of action. 28 U.S.C. § 1491(a)(1). "The elements of an implied-in-fact contract are:  (1) mutuality of intent to contract; (2) consideration; (3) an unambiguous offer and acceptance; and (4) actual authority on the part of the government's representative to bind the government."  Biltmore Forest Broadcasting FM, Inc. v. United States, 555 F.3d 1375, 1380 (Fed. Cir. 2009).  If a plaintiff's allegations as to the existence of an implied-in-fact contract are merely "insubstantial," the Court should dismiss those allegations for lack of subject matter jurisdiction.  See Tp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 109-10 (2012) (citing Ridge Runner Forestry v. Sec'y of Agric., 287 F.3d 1058, 1060 (Fed. Cir. 2002)).

Clark fails to allege all four elements of an implied-in-fact contract in his Amended Complaint.  See Am. Complaint ¶¶ 2243-54.  Furthermore, jurisdiction cannot attach because Clark's allegations relate only to state and local agencies, their employees, and private parties.  See Hassan v. United States, 41 Fed. Cl. 149, 150 (1998) (states); Vlahakis v. United States, 215 Ct. Cl. 1018, 1018 (1978) (employees); Ambase Corp. v. United States, 61 Fed. Cl. 794, 796 (2004) (private parties).

Clark also attempts to interpret his last two causes of action as a bid protest pursuant to Section 1491(b)(1).  See Am. Complaint ¶ 2246; 28 U.S.C. § 1491(b)(1).  Clark's attempt cannot establish jurisdiction because he fails to identify a **federal**:  "solicitation," "proposed award,"

"award," or "alleged violation of statute or regulation in connection with a procurement[4] or a proposed procurement." 28 U.S.C. § 1491(b)(1). Accordingly, the Court should dismiss Clark's twenty-seventh and twenty-eighth causes of action because he fails to establish subject matter jurisdiction.

### G. Clark's Tort Claims Must be Dismissed For Lack of Jurisdiction

Clark's Amended Complaint contains numerous causes of action and counts that sound in tort. These include:   all counts of Cause of Action 3 (relating to "Misappropriation of an Invention"); all counts of Cause of Action 4 (relating to "Misappropriation of Trade Secret(s)"); Cause of Action 9 (relating to "Misappropriation(s) of an Industrial Design Right"); all counts of Cause of Action 15 (relating to "Improper Acquisition of Trade Secrets . . ."); Cause of Action 18 (relating to general "Infringement of IP Rights"); Cause of Action 25 (relating to "Unfair Practices and Methods of Competition . . ."); and Cause of Action 26 (relating to "Misappropriation(s) and Infringement(s) of Plaintiff's Proprietary Data Information").[5]   Claims for misappropriation of a trade secret sound in tort. See Sterner v. United States, 198 Ct. Cl. 979 (1972).   Claims for unfair competition sound in tort. See Liberty Ammunition, Inc. v. United States, 101 Fed. Cl. 581, 591 (2011).

---

[4] Clark alleges violations of "48 CFR Part 3" and "48 CFR Parts 5-12" with respect to state and local government contracts, Am. Complaint ¶¶ 2247-48, but never identifies any federal procurement in connection with the relevant causes of action.

[5] Clark's lengthy allegations with respect to these causes of action are broadly stated and difficult to interpret. To the extent that these causes could be construed as unauthorized use of a patent pursuant to Section 1498(a) of Title 28, they should be dismissed for the reasons identified in Section II.B. above. To the extent that these causes could be construed as infringement of a copyright pursuant to Section 1498(b) of Title 28, they should be dismissed for the reasons identified in Section III.A. To the extent that these causes could be construed as stemming from a breach of an implied contract, they should be dismissed for the reasons identified in Section II.F. Finally, to the extent that these causes could be construed as Fifth Amendment takings, they should be dismissed for the reasons identified in Section III.B.

The Court does not have jurisdiction over torts that do not stem from a breach of contract. See 28 U.S.C. § 1491(a)(1) (granting jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases **not sounding in tort**") (emphasis added).  Instead, the Federal Tort Claims Act waives sovereign immunity by vesting exclusive jurisdiction for tort claims in the district courts, rather than this Court.  See 28 U.S.C. § 1346(b)(1); see also 15 U.S.C. § 1121(a) (vesting jurisdiction for Lanham Act claims in the district courts).

## III.  FAILURE TO STATE A CLAIM

The Court should dismiss Clark's remaining causes of action for "failure to state a claim upon which relief can be granted."  RCFC 12(b)(6).  "A motion to dismiss under Rule 12(b)(4)[6] for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the plaintiff do not entitle him to a legal remedy."  Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000) (citation omitted).  "[A] plaintiff must plead factual allegations that support a facially 'plausible' claim to relief in order to avoid dismissal for failure to state a claim."  Cambridge v. United States, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is not plausible when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

### A.  Copyright Law Does Not Grant Exclusive Rights to Use Business Ideas or Other Concepts

Clark's Amended Complaint contains ten different causes of action that are premised on allegations of copyright infringement pursuant to Section 1498(b) of Title 28.   See Am.

---

[6] In 2002, the "failure to state a claim" provision in RCFC 12(b)(4) was moved to RCFC 12(b)(6) to parallel the provisions in Rule 12 of the Federal Rules of Civil Procedure.

Complaint Causes of Action 5-8, 10-14, 20 (Counts I-III). Section 1498(b) of Title 28 grants this Court jurisdiction to hear claims of copyright infringement against the United States. See Walton v. United States, 551 F.3d 1367, 1369 (Fed. Cir. 2009). Clark's causes of action vary based upon different alleged infringers and upon different alleged infringed rights recognized under copyright law. See 17 U.S.C. §§ 106(1-5); 106A. All of these causes of action should be dismissed pursuant to RCFC 12(b)(6) for at least two reasons. First, Clark fails to allege infringement of any interest protectible by copyright. Second, Clark's allegations are barred by the doctrine of *res judicata*.

"It is an axiom of copyright law that the protection granted to a copyrighted work extends only to the particular expression of the idea and never to the idea itself." Meade v. United States, 27 Fed. Cl. 367, 371 (1992) (citing Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340 (1991)). This rule is codified in 17 U.S.C. § 102(b):

> In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

17 U.S.C. § 102(b). This distinction between idea and expression has long been recognized by the courts. For example, in Baker v. Selden, 101 U.S. 99 (1879), the Supreme Court held that an author's bookkeeping written forms, but not the bookkeeping system itself, were copyrightable. "[Section 102] extends copyright protection to an author's literary form but permits free use by others of the ideas and information the author communicates." Harper & Row Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 581 (1985); see also Mazer, 347 U.S. at 217. In Boyle, the Federal Circuit held that copyright protection did not extend to protect single words in a mutual fund pamphlet. Boyle, 200 F.3d at 1373 ("Copyright protection does not extend to ideas . . . . Thus, Boyle failed to state a claim."); see also Meade, 27 Fed. Cl. at 371 (discussing the idea –

expression dichotomy in the case law); Shipkovitz v. United States, 1 Cl. Ct. 400, 403 (1983) ("[I]t is well known in copyright law that copyright registration only affords protection against the manner in which a writing is written, and does not protect the ideas contained therein.").

Clark's alleged idea of a behavioral modification program for school students is not protectible by copyright. To distinguish idea from expression, the guiding consideration is the balance between the interests of authors, and "society's competing interests in the free flow of ideas." Meade, 27 Fed. Cl. at 371-72. Allowing Clark to prohibit all other uses of behavioral modification programs for school students would grant an improper monopoly over an idea. See id. at 372 ("Extending copyright protection to a heart-shaped picture of earth effectively would grant the copyright holder a monopoly over the innumerable ways of expressing this picture.").

Clark's claims are based upon the business idea of modifying student behavior, rather than based upon any particular expression copied by the government. At most, Clark alleges that the "RTI process represents an inclusive partnership . . . to identify and address the behavioral academic needs of both regular and special education students." Am. Complaint ¶ 846. The Amended Complaint fails to identify any instances of copied expression in the allegedly infringing work. Accordingly, Clark's copyright infringement claims must be dismissed pursuant to RCFC 12(b)(6) for failing to allege infringement of copyrightable expression.

Furthermore, a comparison of the copyrighted work with the alleged infringing work reveals no similarity in expression. Compare "Filing Made Under Seal," Docket No. 6, with Complaint Exhibits 192 ("Impacts of a Violence Prevention Program for Middle Schools"), 193 ("Chapter 1. Overview of the Study"), 194 ("Chapter 2. Study Design, Sample Selection, Measures, and Analytic Approach"), 211 ("Chapter 3. Implementation of the Violence Prevention Program"), 265 ("Response to Intervention"), and 266 ("Key Issues for Decision-

makers") "Exhibits/Instruments Part I" (Docket No. 11).   There is no similarity between the exhibits and the registered work, in terms of the expression used in each.   Accordingly, the only similarity between the works is the uncopyrightable idea of a behavior modification program. See Meade, 27 Fed. Cl. at 374 ("[T]he court finds that defendant's LOVE stamp and plaintiff's copyrighted design share only two common features -- the idea of a heart-shaped earth and the indispensable expression of this idea through the roughly geographically-correct positioning of continents – neither of which is copyrightable subject matter.").

Finally, to the extent that Clark alleges copyright infringement by the same defendants that he sued in his previous district court litigation, his claims are barred by claim preclusion. Clark had a full and fair opportunity to litigate the copyright infringement issues he raises in the Amended Complaint during his previous litigation in the district court.   See A5-7.   The   doctrine of claim preclusion, or *res judicata*, prohibits a plaintiff from bringing multiple actions on the same claim.   See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action.").   The doctrine bars a case where:  "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (Fed. Cir. 2003).

In this particular case, Clark alleges that the government infringed his copyrighted work by "acting through," *inter alia*, state and local government agencies and employees.   As noted previously in this Motion, the government denies that it has acted through these entities. Nevertheless, Clark's allegations are barred by claim preclusion to the extent that his Amended

Complaint simply reasserts the same claims against the same parties identified in the district court case.

### B. Clark's Takings Claims Must be Dismissed

Clark alleges takings claims pursuant to the Fifth Amendment in both counts of his twenty-first cause of action and in his twenty-third cause of action.  The Fifth Amendment provides that "private property" shall not "be taken for public use [by the government], without just compensation."  Constitution, Amendment V.  This Court has exclusive subject-matter jurisdiction over takings claims against the government seeking more than $10,000 in compensation.  See 28 U.S.C. § 1491(a)(1); Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1309-10 (Fed. Cir. 2008).

Clark's twenty-first cause of action should be dismissed because it involves only state and local government agencies and other private parties, not the United States.  The causes of action appear to be based upon an alleged taking "OOA IP," see Am. Complaint ¶¶ 2062, 2187, as well as a local government condemnation of Clark's personal residence.  See Am. Complaint ¶¶ 2094-95.  To determine whether a Fifth Amendment taking has occurred, courts follow a two-step process:

> First, as a threshold matter, the court must determine whether the claimant has established a property interest for purposes of the Fifth Amendment.  "It is axiomatic that only persons with a valid property interest at the time of the taking are entitled to compensation."  If the claimant fails to demonstrate the existence of a legally cognizable property interest, the courts [sic] task is at an end.
>
> Second, after having identified a valid property interest, the court must determine whether the governmental action at issue amounted to a compensable taking of that property interest.

Am. Pelagic Fishing Co. v. United States, 379 F.3d 1363, 1372 (Fed. Cir. 2004) (citations omitted).  Clark's takings claims for "OOA IP" are flawed because he has no property interest in a patent, and his registered copyright cannot protect a business idea.  Clark's takings claims for

the condemnation of his home are flawed because the alleged condemnation was performed by a local government, as opposed to the United States. See May v. United States, 80 Fed. Cl. 442, 447-49 (2008).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the present action be dismissed.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

JOHN J. FARGO
Director

September 13, 2012

SCOTT BOLDEN
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC  20530
Telephone:    (202) 307-0262
Facsimile:     (202) 307-0345

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JAMES HEDMAN CLARK,

       Plaintiff,

    v.

THE UNITED STATES,

       Defendant.

No. 11-10 C

Judge Victor J. Wolski

---

**APPENDIX TO
DEFENDANT'S CONSOLIDATED MOTION
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

---

### Appendix

Clark v. Crues,
   No. 4:05CV1344 JCH, 2007 WL 906702 (E.D. Mo. March 23, 2007)................................ A1-8

Clark v. Crues,
   No. 2007-1377, 2008 WL 145255 (Fed. Cir. Jan. 8, 2008) ................................................ A9-12

United States Patent and Trademark Office,
   Notice of Abandonment, App. No. 11/153,118 ................................................................ A13-14

Not Reported in F.Supp.2d, 2007 WL 906702 (E.D.Mo.)
**(Cite as: 2007 WL 906702 (E.D.Mo.))**

**H**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Missouri,
Eastern Division.
James H. CLARK, Plaintiff(s),
v.
Floyd CRUES, et al., Defendant(s).

No. 4:05CV1344 JCH.
March 23, 2007.

James H. Clark, St. Louis, MO, pro se.

James C. Hetlage, Kenneth C. Brostron, Lashly and
Baer, P.C., St. Louis, MO, for Defendants.

### MEMORANDUM AND ORDER

JEAN C. HAMILTON, United States District
Judge.

**\*1** This matter is before the Court on Defendants' Motion for Summary Judgment, filed January 16, 2007. (Doc. No. 213). The matter is fully briefed and ready for disposition.

### BACKGROUND

Plaintiff James H. Clark was employed by the Special School District of St. Louis County from 1990 to 2001. (Plaintiff's Amended Pleading to his Original Complaint ("Amended Complaint" or "Am. Compl."), ¶ 28). In October, 2003, Plaintiff was hired as a probationary teacher by the Board of Education of the City of St. Louis. (Am.Compl., ¶ 32(a); Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment ("Defendants' Facts"), ¶ 1, citing Warmack Aff., ¶ 29). Plaintiff continued his employment as a probationary teacher during the 2003-2004 and 2004-2005 school years. (Defendants' Facts, ¶ 1).

During the 2003-2004 school year, Plaintiff was assigned to the Roosevelt Ninth Grade Center. (Am.Compl., ¶ 32(b); Defendants' Facts, ¶ 2, citing

Warmack Aff., ¶ 29). At that time, Defendants held the following employment positions: Melvin Gunter ("Gunter") was the Assistant Principal/ Administrator in Charge of Roosevelt Ninth Grade Center (Gunter Aff., ¶ 4); Stephen Warmack ("Warmack") was the Principal of Roosevelt High School (Warmack Aff., ¶ 4); Sylvia Shead ("Shead") was an Assistant Principal at Roosevelt High School (Shead Aff., ¶ 4); and Shane Hopper ("Hopper") was a Disciplinarian at Roosevelt High School (Hopper Aff., ¶ 4). Further, between 1976 and December, 2004, Defendant Floyd Crues ("Crues") was employed by the Board of Education of the City of St. Louis as a teacher, school principal, Director of Alternative Education, Assistant Superintendent, Deputy Superintendent, and Interim Superintendent of the St. Louis Public Schools ("SLPS"). (Crues Aff., ¶ 3).

While at the Roosevelt Ninth Grade Center in the 2003-2004 school year, Plaintiff was employed as a special education resource teacher, and assigned to work in an algebra classroom and a physical science classroom. (Am.Compl., ¶ 33). After approximately ten weeks of employment, Plaintiff was written up and threatened with termination by an administrator, for failing to hand in lesson plans. (Id., ¶ 39). Upon this threat of potential termination, Plaintiff decided to attempt to help Roosevelt's administration control and modify the disruptive and disrespectful behavior of its students. (Id., ¶ 40). Toward that end, in the spring of 2004, Plaintiff allegedly created and implemented his All-School Behavioral Modification Program, which Plaintiff refers to as his "Out of Area Program." (Id., ¶ 41). Plaintiff maintains the Out of Area Program is recognized as Patent Application Number 11/153,118. (Id., ¶ 41(d)). Plaintiff admits, however, that the United States Patent and Trademark Office has not issued a patent for Plaintiff's Out of Area Program. (Defendants' Facts, ¶ 183, citing Caracci Aff., ¶¶ 3-6; see also Plaintiff's Statement of Undisputed Facts in Opposition (sic) to

**A1**

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 906702 (E.D.Mo.)
(Cite as: 2007 WL 906702 (E.D.Mo.))

Defendants' Summary Judgment Motion, ¶ 183).
FN1

> FN1. Plaintiff did receive a Certificate of Registration from the United States Copyright Office for his Out of Area Program on April 22, 2005. (Am.Compl., ¶ 53(b); Plaintiff's Exh. 48).

*2 Pursuant to Plaintiff's Out of Area Program, if a student accumulates five or more referrals for out of area behavior, staff members have the option of placing the student in the Out of Area Program. (Defendants' Facts, ¶ 17, citing Defendants' Exh. L, P. 6). While a student is placed in the program, he or she is subject to certain consequences during the school day, including elimination of hall pass privileges, possible elimination of special event participation, and contact with the student's parent regarding the student's placement in the Out of Area Program. (Id.). Furthermore, the student is required to spend a minimum of five consecutive lunch periods in an alternative lunch room location. (Id.). According to Plaintiff, utilization of his Out of Area Program would reduce or eliminate the need for in-school suspension programs.FN2 (Id., ¶ 16, citing Defendants' Exh. L, P. 5).

> FN2. An in-school suspension program is a school discipline program whereby students who engage in misconduct are assigned to an in-school suspension room, rather than being suspended from school. (Defendants' Facts, ¶ 94, citing Crues Aff., ¶ 29). According to Defendants, in-school suspension programs were utilized throughout public school systems in the State of Missouri and across the country for many years prior to Plaintiff's employment with the Board of Education of the City of St. Louis. (Id., ¶ 95, citing Crues Aff., ¶ 30).

Plaintiff's Out of Area Program was utilized by a portion of the teachers at the Roosevelt Ninth Grade Center during a portion of the spring semester of 2004. (Defendants' Facts, ¶ 11, citing Gunter Aff., ¶ 11). Specifically, a group of teachers at the Roosevelt Ninth Grade Center employed a program of referring students who were misbehaving, or were not regularly in their assigned areas, to an alternative lunchroom monitored by Plaintiff. (Id., ¶ 55, citing Gunter Aff., ¶ 11).FN3 According to Defendants, Defendants Warmack, Hopper, Shead, Crues, and Kenneth BrostronFN4 had no knowledge of the program's existence in the spring of 2004. (Id., ¶ 12).FN5

> FN3. According to Plaintiff, after approximately ten weeks of implementation (March 3rd-May 5th, 2004), Roosevelt's administration intentionally sabotaged the program. (Am.Compl., ¶ 42(a)).

> FN4. At all relevant times, Defendant Kenneth Brostron ("Brostron") was legal counsel for the Board of Education of the City of St. Louis. (Brostron Aff., ¶ 11).

> FN5. Defendants further maintain that at no time has Plaintiff's Out of Area Program been implemented in any school with the SLPS, other than the limited implementation of such program at the Roosevelt Ninth Grade Center in the spring of 2004. (Defendants' Facts, ¶ 20).

Plaintiff claims he gave a copy of his Out of Area Program to Defendant Crues on August 11, 2004. (Am.Compl., ¶ 53(b)).FN6 Plaintiff further provided a copy of the program to Defendant Warmack in or around September, 2004. (Defendants' Facts, ¶ 41, citing Warmack Aff., ¶ 8).FN7 According to Defendants, upon receiving the copy, Warmack briefly reviewed Plaintiff's Out of Area Program, but quickly determined the program would be of no benefit to the St. Louis Public Schools. (Id., ¶ 43, citing Warmack Aff., ¶ 9).

> FN6. Defendant Crues maintains that at no time while he was employed by the Board of Education of the City of St. Louis did he

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 906702 (E.D.Mo.)
(Cite as: 2007 WL 906702 (E.D.Mo.))

review or read any materials relating to Plaintiff's Out of Area Program. (Defendants' Facts, ¶ 118, citing Crues Aff., ¶ 8).

FN7. At the time Plaintiff provided a copy of his program to Defendant Warmack, Warmack was serving as Assistant Superintendent for Secondary Schools. (Defendants' Facts, ¶ 41).

On October 5, 2004, School Service Systems, LLC, made a presentation to the Board of Education of the City of St. Louis, in an effort to obtain a contract to provide in-school suspension services. (Defendants' Facts, ¶ 98, citing Lee Aff., ¶ 12). School Service Systems, LLC, began providing in-school suspension services in the St. Louis Public Schools on November 1, 2004. (Id ., ¶ 99, citing Lee Aff., ¶ 13). According to Defendants, at no time from January 1, 2004, to the present, did the head of School Service Systems, LLC, receive any documents or information from any employee or representative of the Board of Education, pertaining to an out of area student behavior modification program, or a program based on the referral of students who are out of their assigned areas to an alternative lunchroom. (Id., ¶ 101, citing Lee Aff., ¶ 15).[FN8]

FN8. Defendants further maintain that while Alternatives Unlimited may have presented a proposal to the Board of Education to provide in-school suspension programs, the Board of Education never contracted with Alternatives Unlimited for such services. (Defendants' Facts, ¶ 82, citing Crues Aff., ¶ 21; Replogle Aff., ¶ 8).

*3 On April 16, 2005, Plaintiff received a certified non-retention letter, informing him that his employment with the St. Louis Public Schools would be terminated at the end of the 2004-2005 school year. (Am.Compl., ¶ 63).[FN9] Defendants assert the discontinuation of Plaintiff's employment was based on his failure properly to perform his job duties, and was not related in any way to the Board of

Education's alleged acquisition of Plaintiff's Out of Area Program. (Defendants' Facts, ¶ 125, citing Shead Aff., ¶ 20). Defendants further maintain that at no time have any of the individual Defendants, or any other employee or representative of the Board of Education, attempted to market or sell Plaintiff's Out of Area Program, or Plaintiff's All-School Behavioral Modification Program, to others, nor have any of the Defendants attempted to market or sell any other in-school suspension program, student discipline program, or student behavioral modification program, to others. (Id., ¶ 143; see also Crues Aff., ¶ 46; Warmack Aff., ¶ 40; Shead Aff., ¶ 31; Hopper Aff., ¶ 28; Gunter Aff., ¶ 33; Brostron Aff., ¶ 40).

FN9. According to Defendants, the Board of Education of the City of St. Louis voted not to retain Plaintiff as a probationary teacher based on the recommendation of Defendant Shead. (Defendants' Facts, ¶ 124, citing Shead Aff., ¶ 19).

Plaintiff filed his Amended Complaint in this matter on May 22, 2006. (Doc. No. 117). In his Amended Complaint Plaintiff names the following Defendants: Floyd Crues; Stephen Warmack; Shane Hopper; Kenneth Brostron; Sylvia Shead; Mel Gunter; the City of St. Louis, Board of Education; and the St. Louis Public School District.[FN10] Plaintiff asserts the following causes of action against various combinations of Defendants: Inducement of Patent Infringement (Count 1); Willful Patent Infringement (Count 2); Abuse of Process (Count 3); Misappropriation of Missouri Trade Secret Act (Count 4); State Common Law Unfair Competition (Count 5); Copyright Infringement (Count 6); Tortious Interference with Attorney-Client Relationship (Count 7); Tortious Interference with an Advantageous Business Relationship (Count 8); Tortious Interference with a Contractual Relationship (Count 9); Unjust Enrichment (Count 10); Undue Influence (Count 11); Assumption of Duty (Count 12); Defamation (Count 13); Breach of Fiduciary Duty (Count 14); Fraudulent Misrep-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 906702 (E.D.Mo.)
**(Cite as: 2007 WL 906702 (E.D.Mo.))**

resentation (Count 15); Negligence (Count 16); Intentional Infliction of Emotional Distress (Count 17); and Civil Conspiracy (Count 18). As stated above, Defendants filed the instant Motion for Summary Judgment on January 16, 2007, asserting there exist no genuine issues of material fact, and thus Defendants are entitled to judgment as a matter of law as to all counts of Plaintiff's Amended Complaint. (Doc. No. 213).

> FN10. According to Defendants, the proper name of the entity that owns, operates, and manages the St. Louis Public Schools, and that employed Plaintiff, is the Board of Education of the City of St. Louis. (Defendants' Memorandum in Support of their Motion for Summary Judgment ("Defendants' Memo in Support"), P. 2 n. 2, citing Mo.Rev.Stat. § 162.571 (2000)). The Court will refer to this entity by its proper name throughout the remainder of this Memorandum and Order.

### SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

*4 A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must

set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. *Anderson*, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. *Id.* at 249.

### DISCUSSION

#### I. Inducement of Patent Infringement and Willful Patent Infringement

As stated above, in Count One of his Amended Complaint, Plaintiff purports to state a claim for inducement of patent infringement against Defendants Crues, Brostron, and the Board of Education of the City of St. Louis. (Am.Compl., ¶¶ 103-113). In Count Two, Plaintiff purports to state a claim for willful patent infringement against the same Defendants. (*Id.*, ¶¶ 114-120). In their Motion for Summary Judgment, Defendants maintain they are entitled to summary judgment on these claims, for three reasons: (1) Plaintiff does not hold an actual patent for his purported program; (2) Plaintiff assigned all rights in his purported patent to Alternative Discipline and Behavioral Concepts, LLC, which is no longer a plaintiff in this lawsuit [FN11]; and (3) Defendants did not engage in any acts constituting infringement of Plaintiff's purported patent. (Defendants' Memo in Support, P. 3).

> FN11. In an Order entered December 16, 2005, Alternative Discipline and Behavioral Concepts, LLC, was dismissed as a Plaintiff in this matter. (Doc. No. 61).

Plaintiff's patent infringement claims arise under 35 U.S.C. § 271, which states in relevant part as follows:

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 906702 (E.D.Mo.)

**(Cite as: 2007 WL 906702 (E.D.Mo.))**

Page 5

(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

(b) Whoever actively induces infringement of a patent shall be liable as an infringer.

*See* 35 U.S.C. § 271(a) & (b). In order to establish a prima facie patent infringement claim, Plaintiff must plead: "(1) that the trial court has jurisdiction over the matter; (2) that the plaintiff has title to the patent; (3) that the plaintiff is the original and first inventor who was subject to infringement; (4) the claims of the patent which the defendant has infringed and (5) that the defendant received notice of the infringement." *Telequip Corp. v. Change Exchange,* 2004 WL 1739545 at *1 (N.D.N.Y. Aug.3, 2004), citing 60 Am.Jur.2d *Patents* § 875 (2003) (footnotes omitted).

**\*5** Upon consideration, the Court finds Plaintiff's Count Two claim for willful patent infringement fails, because Plaintiff fails to establish the existence of a patent for his Out of Area Program. Specifically, the Court notes that while Plaintiff provides evidence he applied for a patent for the program (*see* Doc. No. 3-4), he provides absolutely no evidence that the patent ever issued. Rather, in his response to Defendants' Statement of Uncontroverted Facts, Plaintiff admits the United States Patent and Trademark Office has yet to issue a patent for Plaintiff's Out of Area Program. (*See* Defendants' Facts, ¶ 183, and Plaintiff's Response thereto). In light of this deficiency, Plaintiff cannot maintain a claim for willful patent infringement, and so Defendants' Motion for Summary Judgment as to Count Two must be granted.[FN12] *See State Industries, Inc. v. A.O. Smith Corp.,* 751 F.2d 1226, 1236 (Fed.Cir.1985) ("To willfully infringe *a patent,* the patent must exist and one must have knowledge of it. A 'patent pending' notice gives one no knowledge whatsoever.... [Further,] [f]iling an application is no guarantee any patent will issue and a

very substantial percentage of applications never result in patents.").[FN13]

FN12. Defendants' Motion for Summary Judgment as to Count One of Plaintiff's Amended Complaint will be granted as well, because as a matter of law, there can be no liability under 35 U.S.C. § 271(b) for acts of inducement taken before the issuance of a patent. *See National Presto Industries, Inc. v. West Bend Co.,* 76 F.3d 1185, 1196 (Fed.Cir.1996).

FN13. In light of the Court's above ruling, it need not address Defendants' other arguments in favor of dismissal.

## II. *Copyright Infringement*

In Count Six of his Amended Complaint, Plaintiff purports to state a claim for copyright infringement against Defendants Crues, Warmack, Gunter, Brostron, and the Board of Education of the City of St. Louis. (Am.Compl., ¶¶ 155-164). Specifically, Plaintiff maintains his status as "Author" of the Out of Area Program is recognized through his Certificate of Registration, issued by the United States Copyright Office on April 22, 2005. (*Id.,* ¶ 156; Plaintiff's Exh. 48). Plaintiff continues to allege Defendants infringed upon his copyright, as follows:

159. The Plaintiff provided Defendant Gunther (sic) with the approximately eight (8) to ten (10) pages of the initial stages of his "Out of Area" program during the 1 st week of March 2004, which is when the Plaintiff began implementing his program. During the same week, Defendant Gunther (sic) disclosed these documents, to Defendant Warmack, who immediately used the same concept referencing Hall Pass procedures at his employment location at Roosevelt High School and did so without permission from the Plaintiff, or knowledge and without recognition on behalf of the Plaintiff.

161.[FN14] Based on factual information and be-

Not Reported in F.Supp.2d, 2007 WL 906702 (E.D.Mo.)
**(Cite as: 2007 WL 906702 (E.D.Mo.))**

lief, Defendant Warmack intentionally disclosed the Plaintiff's Copyright authorized Intellectual Property to Defendant Crues shortly thereafter and prior to Crues' acquirement of his 2004-05 employment contractual agreement with the [Board of Education]. Since Defendant Brostron developed and approved the referenced contract to include six (6) compensation bonus incentives of which one (1) of the bonuses unlawfully misrepresented Crues as the creator of the Plaintiff's property and providing a personal compensation reward upon initiating the Plaintiff's "Authors" idea.

> FN14. Plaintiff's Amended Complaint does not contain a paragraph 160.

**\*6** (Am.Compl., ¶¶ 159, 161).

The federal copyright laws define copyrightable matter as: "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." *See* 17 U.S.C. § 102(a) (2000). Works of authorship subject to copyright protection include literary works; musical works, including any accompanying words; dramatic works, including any accompanying music; pantomimes and choreographic works; pictorial, graphic, and sculptural works; motion pictures and other audiovisual works; sound recordings; and architectural works. *Id.* The statute expressly excludes from copyright protection, "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b) (2000).

In their Motion for Summary Judgment, Defendants maintain they are entitled to summary judgment on Plaintiff's copyright infringement claim, for three reasons: (1) Plaintiff's Out of Area Program is a business idea, excluded from copy-

right protection under 17 U.S.C. § 102(b); (2) Plaintiff is not the owner of the materials at issue, because they were created as a "work made for hire"; and (3) Plaintiff presents no evidence Defendants actually copied or misappropriated Plaintiff's Out of Area Program. (Defendants' Memo in Support, PP. 19-22). Because it is dispositive, the Court considers only Defendants' first argument.

As stated above, Defendants assert Plaintiff's Out of Area Program constitutes a business idea, excluded from copyright protection under 17 U.S.C. § 102(b). (Defendants' Memo in Support, P. 19). In support of this assertion, Defendants note that in his Amended Complaint, Plaintiff repeatedly alleges various Defendants and other individuals have attempted to implement the "program" Plaintiff claims to have copyrighted. (*Id.,* citing Am. Compl., ¶¶ 71, 79, 84, 89, 97, 98). Defendants further note that even in the copyright infringement count itself, Plaintiff alleges only that Defendants "used the same concept referencing Hall Pass procedures," and "initiat[ed] the Plaintiff's 'Authors' idea" without permission. (*Id.,* citing Am. Compl., ¶¶ 159, 161). Defendants maintain these allegations, even if true, cannot support a claim of copyright infringement. (*Id.*).

In *McMahon v. Prentice-Hall, Inc.,* this Court explored the scope of copyrightable material, and held as follows:

> Plaintiff repeatedly claims that the concepts and ideas in his books were copied by [defendant].... It is clear, however, that a writer does not obtain a copyright on ideas or concepts. The similarity of content of the works, with respect to concepts and ideas, does not amount to copyright infringement....

> Similarly, Plaintiff may not claim copyright infringement due to the utilization by [Defendant] of theories first espoused by plaintiff in his works. Theories, as such, are not copyrightable....

**A6**

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 906702 (E.D.Mo.)
(Cite as: 2007 WL 906702 (E.D.Mo.))

**\*7** *McMahon v. Prentice-Hall, Inc.,* 486 F.Supp. 1296, 1303 (E.D.Mo.1980).

Upon review of the record, the Court finds that at no time does Plaintiff allege any more than that Defendants utilized his ideas and procedures in their attempts to control and modify the disruptive and disrespectful behavior of students. For example, with respect to Plaintiff's Hall Pass, Plaintiff alleges in his Amended Complaint that Defendant Warmack used an exact replica, *"which he slightly altered,"* at Roosevelt High School in the spring of 2004. (Am.Compl., ¶ 48(b) (emphasis added)). Furthermore, in his response to Defendants' Statement of Uncontroverted Facts, Plaintiff repeatedly acknowledges Defendants never actually implemented Plaintiff's Out of Area Program, but rather allegedly copied the underlying concepts. (See, e.g., Plaintiff's Response to Defendants' Facts, ¶ 96 ("Although it is Stated that the further development was not based on materials prepared by the Plaintiff, their further developed in-school suspension program was based on altered, modified, and re-prepared documents avoiding the appearance of using the Plaintiff's 'Out of Area' program and related concepts"); Plaintiff's Response to Defendants' Facts, ¶ 144 ("Although no Defendant copied, or authorized any other employee or representative of the Board of Education of the City of St. Louis to copy the Plaintiff's materials. As an alternative, the Defendants re-wrote the Plaintiff's 'Out of Area' program with changes to avoid an appearance of an infringement, based on the Doctrine of Equivalents, the Defendants still infringed on Plaintiff's Intellectual Property")). Under these circumstances, the Court finds that at most, Defendants copied Plaintiff's concepts, and such acts do not constitute copyright infringement.[FN15] *See McMahon,* 486 F.Supp. at 1303. Defendants' Motion for Summary Judgment on Count Six of Plaintiff's Amended Complaint must therefore be granted.

FN15. As further support for its ruling, the Court notes that in their Motion for Summary Judgment, Defendants deny they

even copied Plaintiff's ideas or concepts. For example, Defendants present evidence that the hall passes used at both Roosevelt High School and the Roosevelt Ninth Grade Center have not changed from 1992 to the present. (Defendants' Memo in Support, P. 6, citing Warmack Aff., ¶¶ 24-27; Shead Aff., ¶¶ 16-17). Thus, similar hall passes were used throughout the district long before Plaintiff was employed by the Board of Education, and so could not have been copied from Plaintiff's Out of Area Program. (*Id.,* PP. 6-7, citing Warmack Aff., ¶¶ 25-26; Shead Aff., ¶¶ 16-17; Hopper Aff., ¶¶ 16-17; Gunter Aff., ¶¶ 18-19).

### III. Conspiracy In Violation Of 42 U.S.C. § 1983

In the final count of his Amended Complaint, Plaintiff alleges in part that Defendants engaged in a conspiracy, in violation of 42 U.S .C. § 1983. (Am.Compl., ¶¶ 243-254). Under Eighth Circuit law, "[t]o prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: that the defendant conspired with others to deprive him or her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff." *Askew v. Millerd,* 191 F.3d 953, 957 (8th Cir.1999) (citations omitted). Further, "[s]ection 1983 only provides a remedy for violations of rights expressly secured by federal statutes or the Constitution." *Kurtz v. City of Shrewsbury,* 245 F.3d 753, 758 (8th Cir.2001) (citations omitted).

In Count Eighteen, Plaintiff alleges in relevant part as follows:

247. Defendant **Gunther** (sic) was the first to acquire documentation of the Plaintiff's program in January of 2004. Upon this information, additional SLPS officials became involved and during the February 14th 2004 board meeting, ADOPTED a policy approving former employees can't be hired for services rendered for two years.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 906702 (E.D.Mo.)
**(Cite as: 2007 WL 906702 (E.D.Mo.))**

**\*8** 248. Defendants **Gunther** (sic) **and Wamack** (sic) communicated as noted in the "Out of Area" Hall Pass issue during the first week of March 2004.

249. Defendant[s] Crues and Brostron became involved during the development and approval of Crues' employment contract for the 2004-05 school year and the referenced bonus incentive to initiate the Plaintiff's program.

(Am. Compl., ¶¶ 247-249 (emphasis in original)). Upon consideration of the foregoing, the Court finds Plaintiff fails to assert a constitutional or federal statutory right upon which his § 1983 conspiracy claim is based. Plaintiff thus fails to state a claim under § 1983, and so Defendants' Motion for Summary Judgment as to this portion of Count Eighteen must be granted.

### IV. *Plaintiff's Supplemental State Law Claims*

28 U.S.C. § 1367 provides in relevant part as follows:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution....

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-....

(3) the district court has dismissed all claims over which it has original jurisdiction,....

28 U.S.C. § 1367(a) & (c).

The Eighth Circuit has held that district courts have "broad discretion" in deciding whether to exercise pendent jurisdiction over state law claims. *Willman v. Heartland Hosp. East,* 34 F.3d 605, 613

(8th Cir.1994), *cert. denied,* 514 U.S. 1018, 115 S.Ct. 1361, 131 L.Ed.2d 218 (1995); *see also Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills,* 141 F.3d 1284, 1287-88 (8th Cir.1998). Upon consideration, this Court will now exercise its discretion under 28 U.S.C. § 1367(c), and dismiss the remainder of the claims in Plaintiff's Amended Complaint without prejudice.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 213) is **GRANTED** in part, and Counts One, Two, and Six of Plaintiff's Amended Complaint are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 213) is GRANTED in part, and the 42 U.S.C. § 1983 portion of Count Eighteen of Plaintiff's Amended Complaint is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Counts Three through Five, Counts Seven through Seventeen, and the remainder of Count Eighteen, of Plaintiff's Amended Complaint (Doc. No. 117) are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all other pending motions in this matter are **DENIED** without prejudice.

An appropriate Judgment will accompany this Memorandum and Order.

E.D.Mo.,2007.
Clark v. Crues
Not Reported in F.Supp.2d, 2007 WL 906702 (E.D.Mo.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

260 Fed.Appx. 292, 2008 WL 145255 (C.A.Fed. (Mo.)), 231 Ed. Law Rep. 63
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 260 Fed.Appx. 292, 2008 WL 145255 (C.A.Fed. (Mo.)))**

**H**
This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Federal Circuit Rule 32.1 and Federal Circuit Local Rule 32.1. (Find CTAF Rule 32.1)

United States Court of Appeals,
Federal Circuit.
James H. CLARK, Plaintiff-Appellant,
v.
Floyd CRUES, Stephen Warmack, Shane Hopper, Sylvia Shead, Melvin Gunter, St. Louis Public School District, Board of Education of the City of St. Louis, Darnetta Clinkscale, Vincent Schoemehl, Ronald Jackson, Robert Archibald, and Kenneth C. Brostron, Defendants-Appellees.

No. 2007-1377.
Jan. 8, 2008.
Rehearing Denied Feb. 12, 2008.

**Background:** Teacher brought action against school district, and others, alleging, inter alia, inducement of patent infringement, willful patent infringement, and copyright infringement. The United States District Court for the Eastern District of Missouri, Jean C. Hamilton, J., 2007 WL 906702, granted summary judgment to defendants. Teacher appealed.

**Holdings:** The Court of Appeals held that:
(1) program, allegedly developed and implemented by teacher while employed by school, constituted a business idea, excluded from copyright protection;
(2) hall pass used by school did not constitute copyright infringement of teacher's hall pass;
(3) district court was not required to stay teacher's patent infringement suit, while teacher's patent application was pending; and

(4) district court did not abuse its discretion in dismissing teacher's state-law claims without prejudice.

Affirmed.

West Headnotes

**[1] Copyrights and Intellectual Property 99 €═══ 4.5**

99 Copyrights and Intellectual Property
   99I Copyrights
      99I(A) Nature and Subject Matter
         99k3 Subjects of Copyright
            99k4.5 k. Ideas and concepts in general. Most Cited Cases
   Program, allegedly developed and implemented by teacher while employed by public school system, consisting of a set of written materials intended for use by teachers and other school personnel to help control and modify disruptive behavior by students, constituted a business idea, and as such was excluded from copyright protection. 17 U.S.C.A. § 102(b).

**[2] Copyrights and Intellectual Property 99 €═══ 55**

99 Copyrights and Intellectual Property
   99I Copyrights
      99I(J) Infringement
         99I(J)1 What Constitutes Infringement
            99k54 Books or Other Literary Works
               99k55 k. In general. Most Cited Cases
   Hall pass used by school, allegedly sharing the same language as teacher's hall pass restricting the use of hall passes during the first and last ten minutes of class, did not constitute copyright infringement of teacher's hall pass, as the passes were not otherwise alike.

**[3] Patents 291 €═══314(1)**

**A9**
© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

291 Patents
    291XII Infringement
        291XII(B) Actions
            291k314 Hearing
                291k314(1) k. In general. Most Cited Cases

District court was not required to stay teacher's patent infringement suit while Patent and Trademark Office (PTO) considered teacher's patent application, as teacher had to have been issued a patent prior to being able to maintain an infringement action. 35 U.S.C.A. § 271(a).

**[4] Federal Courts 170B** ⬤⟲18

170B Federal Courts
    170BI Jurisdiction and Powers in General
        170BI(A) In General
            170Bk14 Jurisdiction of Entire Controversy; Pendent Jurisdiction
            170Bk18 k. Validity or substantiality of federal claims and disposition thereof. Most Cited Cases

District court did not abuse its discretion in dismissing, without prejudice, teacher's state-law claims alleging that school, and others, tortiously interfered with his business relationships and attorney-client relationships, as the district court had already dismissed all teacher's federal-law claims, which were the claims over which it had original jurisdiction. 28 U.S.C.A. § 1367(c).

**\*293** Appeal from the United States District Court for the Eastern District of Missouri, in case no. 4:05-CV-1344, Judge Jean C. Hamilton.James H. Clark, of St. Louis, MO, pro se.

James C. Hetlage, Lashly & Baer, P.C., of St. Louis, MO, for defendants-appellees.

Before LINN, DYK, and PROST, Circuit Judges.

PER CURIAM.

**\*\*1** James H. Clark ("Clark") appeals from a final judgment of the United States District Court for the Eastern District of Missouri. *Clark v. Crues,* No. 4:05-CV-1344 JCH, slip op., 2007 WL 906702 (E.D.Mo. Mar. 23, 2007) ("*Memorandum & Order*"). In that decision, the court granted summary judgment to the defendants, dismissing Clark's claims of inducement of patent infringement, willful patent infringement, copyright infringement, and conspiracy in violation of 42 U.S.C. §§ 1983 and 1985, and declining to exercise supplemental jurisdiction over Clark's remaining claims. Because the record presents no genuine issue of material fact and the defendants are entitled to judgment as a matter of law, *see* Fed.R.Civ.P. 56(c), we affirm.

This appeal concerns a "behavioral modification program," known as the "Out of Area Program," that Clark claims he developed and implemented while he was employed by the St. Louis, Missouri public school system as a probationary teacher. The Out of Area Program consists of a set of written materials intended for use by teachers and other school personnel to help control and modify disruptive behavior by students. After Clark's employment was terminated for reasons that the defendants assert are unrelated to this appeal, Clark sued the defendants, asserting, inter alia, patent and copyright infringement. On appeal, Clark challenges the district court's dismissal of his patent and copyright claims. He also alleges that it was an improper conflict of interest for Defendant Kenneth Brostron to serve as counsel for his codefendants, that the district court erroneously failed to consider claims against an entity known as "Board of Education of the City of St. Louis (former)," that the district court erroneously docketed certain pleadings, that the district court failed to communicate adequately with him, and that the defendants tortiously interfered with his business relationships.

**[1][2]** As to the copyright claim, the district court held that the "Out of Area Program constitutes a business idea, excluded from copyright protection under 17 U.S.C. § 102(b)." *Memorandum & Order* at 10. We agree. The Complaint alleges that

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

260 Fed.Appx. 292, 2008 WL 145255 (C.A.Fed. (Mo.)), 231 Ed. Law Rep. 63
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 260 Fed.Appx. 292, 2008 WL 145255 (C.A.Fed. (Mo.)))**

Page 3

the defendants "used the same concept referencing Hall Pass procedures" as in the Out of Area Program. *See id.* at 9. Such general concepts and ideas are beyond the purview of copyright law. *See* **\*294** *Mazer v. Stein,* 347 U.S. 201, 217, 74 S.Ct. 460, 98 L.Ed. 630 (1954) ("[A] copyright gives no exclusive right to the art disclosed; protection is given only to the expression of the idea-not the idea itself."). At best, Clark alleges that his hall pass, Appellant's Br. attach. 24d, and a hall pass that was used in the 2004-05 school year at Roosevelt High School, *id.* attach. 24e, share language that restricts the use of hall passes during the first and last ten minutes of class. However, the passes are not otherwise alike, and the district court correctly concluded that this limited use of similar functional language does not constitute copyright infringement even if, as Clark alleges, the defendants deliberately copied Clark's ideas. *See CMM Cable Rep, Inc. v. Ocean Coast Props., Inc.,* 97 F.3d 1504, 1519-20 (1st Cir.1996) (denying copyright protection to phrases such as "clock in" used in a radio promotional contest as an employment metaphor, and stating that "copyright law denies protection to 'fragmentary words and phrases' and to 'forms of expression dictated solely at functional considerations' on the grounds that these materials do not exhibit the minimal level of creativity necessary to warrant copyright protection").

**\*\*2** [3] As to the patent claims, the district court held that Clark had failed to provide any evidence that he had been issued a U.S. patent. Clark does not challenge this conclusion on appeal, but he argues that the district court should have stayed his infringement suit while the U.S. Patent and Trademark Office considered his patent application. Clark is incorrect; he can maintain an action for patent infringement only if and when he has been issued a patent. *See* 35 U.S.C. § 271(a); *Amgen, Inc. v. Genetics Inst., Inc.,* 98 F.3d 1328, 1332 (Fed.Cir.1996) ("[O]f course suit can not be brought for infringement of a patent that has not issued."). If Clark ultimately succeeds in his efforts to obtain a patent, he may then be in a position to bring a civil action regarding acts of alleged infringement occurring after the patent issues, but even then the activities of the defendants prior to issuance of the patent will not constitute acts of infringement. Accordingly, there is no basis on which to delay proceedings in this case.

Clark's remaining arguments are similarly meritless. Clark does not provide any legal basis for his allegation that it is improper for Brostron to represent the other defendants in the pre-trial phase of this case. Additionally, we see no error in the district court's treatment of the Board of Education of the City of St. Louis as the proper name for the entity that manages the St. Louis public schools or in the district court's docketing of Clark's pleadings. As to the latter, if a docketing error did occur, there is no indication that it affected the outcome of this case or otherwise harmed Clark. We also see no error in the district court's handling of communications with Clark, and Clark does not allege that he was prejudiced by any failure to receive orders from the district court.

[4] Finally, Clark argues that the defendants tortiously interfered with his business relationships and attorney-client relationships. These claims arise under state law. The district court dismissed Clark's state-law claims without prejudice under 28 U.S.C. § 1367(c), which gives a district court the authority to decline jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction." In this case, all of the claims arising under federal law have been dismissed, and the district court lacks original jurisdiction over the claims arising under state law. Because the district court correctly dismissed Clark's federal-law claims, we perceive no abuse of discretion in the district court's decision to dismiss Clark's state-law claims without prejudice.

**\*295** Accordingly, we affirm the judgment of the district court in all respects.

### COSTS

No costs.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

260 Fed.Appx. 292, 2008 WL 145255 (C.A.Fed. (Mo.)), 231 Ed. Law Rep. 63
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 260 Fed.Appx. 292, 2008 WL 145255 (C.A.Fed. (Mo.)))**

C.A.Fed. (Mo.),2008.
Clark v. Crues
260 Fed.Appx. 292, 2008 WL 145255 (C.A.Fed.
(Mo.)), 231 Ed. Law Rep. 63

END OF DOCUMENT

**A12**

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/153,118 | 06/15/2005 | James Clark | CLAJ 9855US | 8082 |

92554        7590        10/25/2010
James Hedman Clark
8276 Albin Avenue
St. Louis, MO 63114

| EXAMINER |
|---|
| FRISBY, KESHA |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3715 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/25/2010 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

**A13**

PTOL-90A (Rev. 04/07)

| *Notice of Abandonment* | Application No.<br>11/153,118 | Applicant(s)<br>CLARK, JAMES |
|---|---|---|
| | Examiner<br>KESHA FRISBY | Art Unit<br>3715 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--

This application is abandoned in view of:

1. ☒ Applicant's failure to timely file a proper reply to the Office letter mailed on <u>19 August 2009</u>.
   (a) ☒ A reply was received on <u>22 February 2010</u> (with a Certificate of Mailing or Transmission dated <u>19 February 2010</u> ), which is after the expiration of the period for reply (including a total extension of time of <u>2</u> month(s)) which expired on <u>19 January 2009</u>.
   (b) ☐ A proposed reply was received on _____, but it does not constitute a proper reply under 37 CFR 1.113 (a) to the final rejection.
       (A proper reply under 37 CFR 1.113 to a final rejection consists only of: (1) a timely filed amendment which places the application in condition for allowance; (2) a timely filed Notice of Appeal (with appeal fee); or (3) a timely filed Request for Continued Examination (RCE) in compliance with 37 CFR 1.114.)
   (c) ☒ A reply was received on <u>22 February 2010</u> but it does not constitute a proper reply, or a bona fide attempt at a proper reply, to the non-final rejection. See 37 CFR 1.85(a) and 1.111. (See explanation in box 7 below).
   (d) ☐ No reply has been received.

2. ☐ Applicant's failure to timely pay the required issue fee and publication fee, if applicable, within the statutory period of three months from the mailing date of the Notice of Allowance (PTOL-85).
   (a) ☐ The issue fee and publication fee, if applicable, was received on _____ (with a Certificate of Mailing or Transmission dated _____), which is after the expiration of the statutory period for payment of the issue fee (and publication fee) set in the Notice of Allowance (PTOL-85).
   (b) ☐ The submitted fee of $_____ is insufficient. A balance of $_____ is due.
       The issue fee required by 37 CFR 1.18 is $_____. The publication fee, if required by 37 CFR 1.18(d), is $_____.
   (c) ☐ The issue fee and publication fee, if applicable, has not been received.

3. ☐ Applicant's failure to timely file corrected drawings as required by, and within the three-month period set in, the Notice of Allowability (PTO-37).
   (a) ☐ Proposed corrected drawings were received on _____ (with a Certificate of Mailing or Transmission dated _____), which is after the expiration of the period for reply.
   (b) ☐ No corrected drawings have been received.

4. ☐ The letter of express abandonment which is signed by the attorney or agent of record, the assignee of the entire interest, or all of the applicants.

5. ☐ The letter of express abandonment which is signed by an attorney or agent (acting in a representative capacity under 37 CFR 1.34(a)) upon the filing of a continuing application.

6. ☐ The decision by the Board of Patent Appeals and Interference rendered on _____ and because the period for seeking court review of the decision has expired and there are no allowed claims.

7. ☒ The reason(s) below:

   1) The response filed on 2/19/2010 was untimely because applicant did not pay the third month extension of time fee.
   2) Supplemental amendments filed from 2/26/2010 - 7/30/2010 was not entered because they were filed outside of the six months statutory period.  3) Entering of Supplemental amendments is not a matter of right.

   /Kesha Frisby/
   Examiner, Art Unit 3715

Petitions to revive under 37 CFR 1.137(a) or (b), or requests to withdraw the holding of abandonment under 37 CFR 1.181, should be promptly filed to minimize any negative effects on patent term.

U.S. Patent and Trademark Office
PTOL-1432 (Rev. 04-01)

**A14**

Notice of Abandonment

Part of Paper No. 20101021

<u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of the foregoing DEFENDANT'S CONSOLIDATED MOTION

TO DISMISS PLAINTIFF'S AMENDED COMPLAINT and APPENDIX was sent by first class

mail, postage prepaid this 13th day of September, 2012 to:

> James Hedman Clark
> 8276 Albin Avenue
> St. Louis, Missouri 63114
>
> *Pro Se* Plaintiff

Elizabeth Elliott
Department of Justice
Tel:  (202) 514-6681