**ORIGINAL**

# In the United States Court of Federal Claims

No. 11-10C
(Filed May 29, 2015)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * *
                                          *
JAMES HEDMAN CLARK,                       *
                                          *
                Plaintiff,                *
                                          *
        v.                                *
                                          *
THE UNITED STATES,                        *
                                          *
                Defendant.                *
                                          *
* * * * * * * * * * * * * * * * * * * * * *
```

**FILED MAY 29 2015 U.S. COURT OF FEDERAL CLAIMS**

## ORDER

On May 1, 2015, the Clerk's office received a submission from Mr. Clark which it did not file because the document was neither properly bound per Rule 5.5(c)(5) of the Rules of the United States Court of Federal Claims (RCFC) nor in a recognizable form under our rules. Since Mr. Clark is proceeding *pro se*, the failure to bind the document is excused. A close review of the document reveals that Mr. Clark appears to be moving for relief from the judgment under RCFC 60(b)(2) on the basis of newly-discovered evidence, and requesting a ruling under RCFC 62.1(a)(3) either that the Court would grant the motion if the matter were remanded from the Federal Circuit or that the motion raises a substantial issue.

Rule 62.1 recognizes that a timely-submitted motion for relief under RCFC 60 may be filed even if the Court lacks power to grant relief due to a pending appeal. Accordingly, the Clerk is directed to **FILE** Mr. Clark's document as a motion for relief from the judgment under RCFC 60.

Turning to this motion, the newly-discovered evidence that Mr. Clark submits is contained in a document obtained from the United States Patent and Trademark Office's Patent Application Information Retrieval system. *See* Pl.'s Rule 60 Motion at 2–3 & Ex. 1. Mister Clark construes the entry "No" in the American Invents Act "First Inventor to File" field to indicate that someone else filed an earlier application concerning his invention. But it appears to the Court that the referenced field merely indicates that Mr. Clark's application was filed before the "First Inventor to File" rule became effective on March 16, 2013, *see* Pub. L. No.

112-29 § 3(n), 125 Stat. 293 (Sept. 16, 2011) (providing for an effective date eighteen months after enactment). Thus, the evidence produced does not support his argument for relief, and in any event would not be relevant to the determination that this court lacks jurisdiction due to the absence of an issued patent. *See Clark v. United States*, No. 11-10C, 2014 WL 3728172, at *6 (Fed. Cl. July 28, 2014) (citing 28 U.S.C. § 1498(a)). The motion for relief is, accordingly, denied under RCFC 62.1(a)(2).

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge